## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **JASON J. SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:09-0999** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1.) and Application to Proceed Without Prepayment of Fees (Document No. 7.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

On October 23, 1997, Petitioner was convicted by a jury in the United States District Court for the Northern District of West Virginia of conspiracy to distribute "crack" cocaine, in violation of 21 U.S.C. § 846. United States v. Smith, Case No. 3:97-cr-17 (N.D.W.Va. Jan. 29, 1998), Document No. 238. On January 29, 1998, the District Court sentenced Petitioner to a 378-month

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

term of imprisonment to be followed by a five-year term of supervised release. Id., Document No. 272. On February 25, 1998, Petitioner filed his Notice of Appeal. Id., Document No. 274. By Opinion Order entered on November 23, 1998, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.[2] United States v. Smith, 166 F.3d 336 (4th Cir. 1998).

On February 10, 2000, Petitioner, acting *pro se*, filed in the Northern District of West Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Smith v. United States, Case No. 3:00-cv-0021, Document No. 316. Petitioner asserted that defense counsel was ineffective by (1) failing "to specifically argue at sentencing or on direct appeal . . . that petitioner was not a manager or supervisor" Id., pp. 8 - 11.; (2) failing "to move the court for a dismissal of the charges or a downward departure based upon the fact that the government allowed the conspiracy to continue longer than it would have in order to ratchet up your petitioner's sentence" Id., pp. 11 - 14.; (3) failing "to move the court for a downward departure based upon the government's deliberate 'sentencing entrapment' of allowing this investigation of this conspiracy to continue" Id., pp. 14 - 17.; (4) failing "to move the court to set aside the sworn jury via voir dire based upon juror misconduct" Id., pp. 17 - 18.; and (5) failing "to challenge or move the court to set aside the sworn petit jury based upon the systematically exclusions of black jurors from his jury trial" Id., pp. 19 - 20. The United States filed its Response on June 15, 2000. Id., Document No. 330.

_____

[2] In his appeal, Petitioner argued as follows: (1) the District Court erred in denying his motion for downward departure due to the disparate sentences imposed on him and his co-conspirators; (2) there was insufficient evidence to prove that the drugs involved were crack cocaine, as opposed to some other form of cocaine; (3) the District Court erred in determining Petitioner's role in the offense; (4) the District Court erred in admitting evidence and testimony concerning the expenditures made by one of his co-conspirators; (5) Petitioner's criminal history score over represented the seriousness of the offense; and (6) the District Court erred in striking a juror for cause over defense counsel's objection. *Smith*, 166 F.3d at * 1.

By Report and Recommendation entered on January 4, 2001, United States Magistrate Judge James

E. Seibert recommended that Petitioner's Motion be dismissed as untimely. Id., Document No. 333.

By Memorandum Opinion and Order entered on February 9, 2001, the District Court adopted Judge

Seibert's recommendation and denied Petitioner's Section 2255 Motion. Id., Document No. 338. On

March 19, 2001, Petitioner filed a Notice of Appeal. Id., Document No. 340. By Order entered on

July 20, 2001, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his

appeal. Id., Document No. 343; United States v. Smith, 14 Fed.Appx. 225 (4th Cir. 2001).

Petitioner filed with the Fourth Circuit a Motion under 28 U.S.C. § 2244 requesting an order

authorizing the District Court to consider a second or successive application for relief under 28

U.S.C. § 2255. Smith, Case No. 3:97-cr-0017, Document No. 342. By Order filed on July 12, 2001,

the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive

application for relief under 28 U.S.C. § 2255. Id.

By Memorandum Opinion and Judgment Order entered on March 30, 2009, the District

Court reduced Petitioner's sentence pursuant to 18 U.S.C. § 3582.[3] Id., Document No. 356 and 357.

Specifically, the District Court stated as follows:

> Under the retroactive 2007 crack guideline amendments, the defendant's base
> offense level would be 36, plus three levels for role in the offense, resulting in a total
> offense level of 39. With a criminal history category of III, the guideline range would
> be 324 - 405. Accordingly, this Court will reduce the defendant's sentence to 342
> months.

Id., Document No. 356.

---

[3] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce
by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently,
the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March
3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C.
§ 3582(c)(2) seeking sentence reductions.

On September 8, 2009, Petitioner, acting *pro se*, filed in the Northern District of West Virginia his instant Petition requesting relief under 28 U.S.C. § 2241. (Document No. 1.) By Order entered on September 10, 2009, (Document No. 4.), the District Court for the Northern District of West Virginia transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. In his Petition, Petitioner alleges that his conviction is invalid and should be overturned. (Document No. 1.) First, Petitioner requests this Court to declare 18 U.S.C. § 3231 "unconstitutional and *void ab initio*" because "no quorum was present for the House to vote on Title 18 in May 1947." (Id., pp. 1 - 2.) Petitioner states that Section 3231 "conferred upon the district courts of the United States original jurisdiction of all offenses against the laws of the United States." (Id., p. 2.) Petitioner, therefore, states that "the Court lacks jurisdiction to prosecute pursuant to Title 18 of the Criminal Code." (Id., pp. 19 - 20.) Petitioner explains that the "district court which ordered commitment of this Petitioner, under Section 3231, lacked jurisdiction and, therefore, any judgment and commitment order is *void ab inito*." (Id.) Petitioner argues that he "must be discharged from any present illegal incarceration and his indictment or information, plea, and any judgment must be declared void immediately to prevent future harm." (Id., pp. 2, 5 - 10.)

Second, Petitioner contends that "since no valid probable cause affidavit was issued, the Fourth Amendment was violated and jurisdiction ceased at that point." (Id., pp. 4, 16 - 19.) Petitioner states that the "docket sheet shows no criminal complaint or probable cause affidavit. Thus, the prosecutor lacks a valid accuser." (Id., p. 19.) Third, Petitioner states that "the actions of the lower court judge violated 28 U.S.C. §§ 454 and 455." (Id., pp. 41 - 46.) Petitioner contends that the "District Court has already violated 28 U.S.C. § 455 by acting pursuant to a right lacking jurisdiction." (Id., p. 44.) Petitioner asserts that "the Court should proceed promptly to hear this

petition acting as an independent and unbiased court and to resolve with speed and finality the significant questions herein, or if it can not act without potential conflict, refer the case for hearing to the Supreme Court." (Id., p. 45.)

Fourth, Petitioner contends that "the judge trying this case was not an Article III judge, and therefore, cannot sentence." (Id., pp. 46 - 48.) Petitioner states that he "has a right to be tried and, if found guilty, sentenced by an Article III judge." (Id., p. 47.) Petitioner explains that District Judges are not acting in their Article III capacity because "the fact that all federal judges are currently paying taxes on their pay is proof of undue influence by the IRS, posing as a duly authorized agency of the Executive Branch as declared by the United States Supreme Court in Evans v. Gore, 253 U.S. 245 (1920)." (Id., pp. 47 - 48.) Petitioner, therefore, concludes that "with no Article III judge on the case, sentencing is illegal." (Id., p. 48.)

Fifth, Petitioner claims that "the sale of conviction bonds renders the proceeding void." (Id., pp. 48 - 49.). Petitioner explains that "[t]he sale of bonds based on Petitioner's conviction by the court creates a financial conflict of interest and is a violation of the Separation of Powers Doctrine, rendering the conviction void." (Id., p. 49.) Petitioner states that "[t]he fact the court makes money from convictions is a violation of numerous Constitutional provisions, including slavery and peonage as well as the Separation of Powers Doctrine." (Id.)

Finally, Petitioner argues "the government concealed evidence in this case in violation of Brady v. Maryland, 373 U.S. 83 (1963)." (Id., pp. 5, and 49 - 54). Petitioner contends he "has learned that he has classified records in the National Security Agency and the IRS, as well as possibly other agencies." (Id., p. 50.) Petitioner further contends that "all Rovario records were not disclosed, and that he has records in as many as 29 federal agencies, as well as state agencies which

were not disclosed." (Id., p. 51.) Petitioner asserts that "the government's conduct and concealment of the evidence not only violates Due Process, but also violations F.R.Civ.P. 16(c), 11(b), 26(e) and (g), and 37, and F.R.Crim.P. 16(c)." (Id., p. 54.) Petitioner, therefore, "moves the court to dismiss this case with prejudice for massive discovery fraud."[4] (Id., p. 51)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. §Id.2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate

---

[4] Currently, Petitioner has two other actions pending before this Court: *Smith-Bey v. Rose, et al.*, Civil Action No. 5:09-0746 (*Bivens* action); and *Smith v. Craig, et al.*, Civil Action No. 5:10-0134 (Section 2241 Petition).

and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Northern District of West Virginia. Specifically, Petitioner claims that his conviction and sentence should be overturned because the District Court lacked jurisdiction, there was no probable cause to prosecute, the district judge was biased, and the government improperly withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963.). Petitioner is basically challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Thus, Petitioner requests that this Court invalidate his conviction and sentence. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

7

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of West Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[5]

---

[5] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has denied at least one of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 7.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection

is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 18, 2011.

R. Clarke VanDervort
United States Magistrate Judge

11