IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JASON J. SMITH,

          Petitioner,

v.                                            CIVIL ACTION NO. 5:09-cv-00999

UNITED STATES OF AMERICA,

          Respondent.

**ORDER**

On August 18, 2011, the Honorable R. Clarke VanDervort, United States Magistrate Judge, submitted to this Court his proposed findings of fact and recommendation with respect to *Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment* (Document No. 1).[1] Magistrate Judge VanDervort considered Petitioner's claims that his conviction and sentence should be overturned because the District Court lacked jurisdiction, there was no probable cause to prosecute, the district judge was biased and the government improperly withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate Judge found these claims to be a challenge to the validity of Petitioner's conviction imposed by the Northern District of West Virginia and determined that they should have been asserted pursuant to 28 U.S.C. § 2255, rather than 28 U.S.C. § 2241; that this is not Petitioner's first Section 2255 motion; that Petitioner has not obtained certification or

---

[1] This case was referred to the Magistrate Judge by standing order entered September 10, 2009 (Document No. 6.)

authorization to file a second or successive Section 2255 motion from the Fourth Circuit Court of Appeals; and that Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241 because he does not allege an intervening change in law that establishes his actual innocence. As a result, the Magistrate Judge recommended that the Court deny Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 7) and dismiss his petition. The Magistrate Judge advised Petitioner that he had seventeen days or until September 6, 2011, to file any objections to the PF&R.

On September 6, 2011, this Court considered Petitioner's Section 2241 Petition and the Magistrate Judge's PF&R. On September 7, 2011, the Court observed that Petitioner did not file any response to the PF&R. Thereafter, the Court adopted the findings and recommendation of the Magistrate Judge, denied Petitioner's application to proceed without prepayment and dismissed his Section 2241 petition. (Document Nos. 13 - 14).

One day later, the Court received Petitioner's Objections to Proposed Findings and Recommendations (Document No. 15), wherein he explains that he previously attempted to mail his objections to the Court, but it was returned to him for "postage due." He contends that his submission would be timely. The Court observes that Petitioner enclosed an envelope which included a notation containing the words "return to sender" dated September 4, 2011. The Court also observes that Petitioner's explanatory letter is dated September 6, 2011. However, the Court can not determine when the Petitioner provided his newly stamped mailing to the prison officials. The Court is mindful that the prison mailbox rule established in *Houston v. Lack*, 487 U.S. 266 (1988), and extended to civil actions in *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36

(4th Cir. 1991), requires the court to consider an inmate's submission as filed when he delivers it to

prison officials for mailing. Out of an abundance of caution, the Court will consider Petitioner's objections as timely submitted.

The Court has reviewed the Section 2241 Petition, the Magistrate Judge's PF&R and Petitioner's Objections. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

In his objections, Petitioner maintains that the sentencing court did not have jurisdiction to indict and convict him. He also maintains that 28 U.S.C. § 2241 is the proper avenue for the relief he seeks. However, he does not challenge the Magistrate Judge's finding that he has presented no change in the law such that the conduct of which he was convicted is now deemed to be not criminal, thereby entitling him to use of Section 2241 to challenge his conviction and sentence. Further, Petitioner has previously appealed his conviction and filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Both of these motions were denied. Petitioner, in his objections, has not presented any proof that he obtained certification or authorization to file a second or successive Section 2255. Moreover, the Court finds that Petitioner's objections are without merit. Therefore,

3

the Court finds that its previous adoption of the Magistrate Judge's PF&R and the dismissal of Petitioner's Section 2241 petition remain appropriate.

Accordingly, the Court does hereby **ORDER** that Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 7) is **DENIED** and Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Dismiss Indictment (Document No. 1) is **DISMISSED**.

Further, the Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record and any unrepresented party.

ENTER: October 18, 2011

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA